UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| **ERNEST EDWARDS, et al.,** ) | |
| ) | |
| **Plaintiffs** ) | |
| ) | |
| v. ) | **Civil No. 06-58-P-H** |
| ) | |
| **LEXINGTON INSURANCECOMPANY, et al.,** ) | |
| ) | |
| **Defendants** ) | |

**REPORT OF HEARING AND ORDER
RE: DISCOVERY DISPUTE**

Held by telephone on Tuesday, June 27, 2006, at 3:30 p.m.

Presiding:          David M. Cohen, United States Magistrate Judge

Appearances:    For Plaintiffs:                                    Verne E. Paradie, Jr., Esq.

                         For Defendants
                           Lexington Insurance Co.:                John S. Whitman, Esq.
                           American States Insurance Co.
                             and American Economy Insurance Co.:   L. John Topchik, Esq.

   The dispute involved Rule 45 subpoenas commanding two non-party entities, Craft Insurance Agency and Meadowbrook Insurance Group, to appear for their Rule 30(b)(6) depositions in Michigan on August 1st and 2nd. The defendants sought a Rule 26(c) protective order prohibiting the plaintiffs, on relevance grounds, from taking these depositions. Mr. Paradie explained that Craft Insurance Agency represented defendant Lexington Insurance Company in its dealings with Game Tracker, Inc. leading to the issuance of one or more policies of insurance to Game Tracker as insured and that Meadowbrook Insurance Group represented Safeco, the parent company of defendants

1

American States Insurance Company and American Economy Insurance Company, in its or their dealings with Game Tracker, Inc. leading to the issuance of one or more policies of insurance to Game Tracker as insured.  The plaintiffs in this reach-and-apply action have outstanding judgments against Game Tracker obtained in a products-liability action brought by them in this court.

The defendants took the position that the plaintiffs in this action do not stand in the shoes of Game Tracker vis-à-vis the defendant insurers and that, therefore, certain defenses they wish to explore in discovery are simply not available to them as a matter of law.  Mr. Paradie outlined the kinds of information the plaintiffs seek from Craft and Meadowbrook in deposition.  Upon a careful consideration of the respective positions of the parties, I concluded that the plaintiffs have made a sufficient showing that the requested discovery appears reasonably calculated to lead to the discovery of admissible evidence and, therefore, denied the defendants' request for protection.[1]

*SO ORDERED*.

**CERTIFICATE**

A.  This report fairly reflects the actions taken at the hearing and shall be filed forthwith.

B.  Any objections to the report shall be filed in accordance with Fed. R. Civ. P. 72.

Dated this 27th day of June, 2006.

/s/ David M. Cohen
David M. Cohen
United States Magistrate Judge

---

[1] I declined the defendants' invitation that the court determine at this early stage in the discovery period whether, as a matter of law, the insurance policies at issue contain any ambiguities that would render relevant extrinsic evidence that either of these deponents might provide about the intention of the insurers and Game Tracker concerning coverage as it implicates the plaintiffs' claims.  Even were that question determined against the plaintiffs, they would not, in any event, be foreclosed from asking other questions of Craft and Meadowbrook in deposition.  I am also mindful of the fact that no other less costly means of formal discovery of potentially relevant information from these non-parties is available.