# UNITED STATES DISTRICT COURT

# DISTRICT OF MAINE

| | | |
|---|---|---|
| **ERNEST EDWARDS** AND **KARLA EDWARDS,** | ) ) ) | |
| PLAINTIFFS | ) ) | |
| v. | ) ) | CIVIL NO. 06-58-P-H |
| **LEXINGTON INSURANCE COMPANY,** | ) ) ) ) | |
| DEFENDANT | ) | |

## MEMORANDUM DECISION AND ORDER ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

This case presents an issue of insurance coverage. The underlying facts are basically undisputed. The defendant insurer has moved for summary judgment. Concluding that there is no coverage, I **GRANT** the motion.

### FACTS

The plaintiff Ernest Edwards, a bow-hunter, fell from a tree on October 11, 2002, when a safety belt manufactured by The Game Tracker, Inc. ("Game Tracker"), unexpectedly opened. Edwards was severely injured. He and his wife sued Game Tracker in this court. Lexington Insurance Company declined to defend the lawsuit on Game Tracker's behalf. The plaintiffs recovered a default judgment against Game Tracker in the amount of $1,964,931.23. They now seek to enforce the default judgment against Lexington Insurance Company under

Maine's Reach and Apply statute, 24-A M.S.R.A. § 2903.

For the relevant policy period, April 8, 2002 to April 8, 2003, there are three insurance policies at issue: #1320657 issued to Eastman Outdoors, Inc.; #6478065 issued to Game Tracker; and #6478066 issued to Gorilla, Inc. The three companies are affiliates.

### *(1)  Eastman Outdoors #1320657*

The language of endorsement #008 to this "occurrence" policy clearly excludes coverage for the plaintiffs' claims. It states:

> This insurance does not apply to "bodily injury" or "property damage" included in the "products-completed operations hazard" and arising out of any of "your products" shown in this Schedule.

Eastman Outdoors Ins. Policy, Ex. A at 35 (Docket Item 38). The Schedule explicitly lists products "attached or used on a tree," including "safety belts and harnesses." The plaintiffs do not contest the scope of this language; instead, they argue that the Endorsement contains no statement of effective date, issuance date, or name of the insured. Therefore, they claim, there is either a genuine issue of material fact whether the endorsement went into effect before the accident on October 11, 2002, or that the policy must be interpreted not to have this endorsement on that date.

Although the Endorsement page does not contain an effective date, the "Forms Schedule" page that follows the policy's "Declarations" page, lists Endorsement #008 as effective April 8, 2002 (along with 11 other endorsements).

Eastman Outdoors Ins. Policy, Ex. A at 2. In the face of this clear policy language, the plaintiffs present no evidence that the Endorsement was added after October 11, 2002, and backdated. This Forms Schedule page also makes clear that the exclusion applies to this policy and its insureds. In the face of the clear language of this Endorsement, I reject the argument that the Schedule of Rates (premiums) page creates an ambiguity under the heading "Classification Description" that creates coverage. Although the classification description refers to "harnesses," that wording was later corrected as an inadvertent error by Endorsement #011. Eastman Outdoors Ins. Policy, Ex. A at 38. It does not change the scope of coverage, clearly stated in Endorsement #008.[1] Lexington is entitled to summary judgment on this policy.

### *(2)    Game Tracker #6478065*

This is a claims-made policy.[2] The policy requires that a claim be made on or before April 8, 2003 or within the "Extended Reporting Periods." Game Tracker

---

[1] Likewise, the fact that another endorsement broadens the list of insureds does not change the fact that safety harnesses in trees are excluded.

[2] The plaintiffs first call it a claims-made policy in their argument heading, Pls.' Response. to Def.'s Summ. J. Mot. at 7, then say it is not, id. at 14. It is a claims-made policy. The Declarations Page states that in bold print. "THIS IS A CLAIMS-MADE POLICY. READ THE ENTIRE POLICY CAREFULLY." Game Tracker, Inc., Ins. Policy, Ex. B at 1 (Docket Item 38). It is repeated in bold print at the top of the first page of the coverage form. "COVERAGES A. AND B. PROVIDE CLAIMS-MADE COVERAGE." Id. at 4. "A Basic Extended Reporting Period is automatically provided without additional charge. This period starts with the end of the policy period and lasts for . . . c) Sixty days. . . ." Id. at 20. Maine does not hold that claims-made policies with no retroactive coverage are unenforceable as contrary to public policy. The only case the plaintiffs cite that reaches a contrary conclusion, a New Jersey case, Sparks v. St. Paul Ins. Co., 495 A.2d 406 (N.J. 1985), also recognizes that such policies might be appropriate where an insured is changing from an occurrence to a claims-made policy, exactly the case here. See id. at 415 n.4.

Ins. Policy, Ex. B at 19-20 (Docket Item 38). Lexington says that it received no such claim and that there is no evidence that Game Tracker, Eastman Outdoors or Gorilla received a timely claim. The plaintiffs present no contrary evidence. Instead, they seek to draw negative inferences from Lexington's refusal to defend the underlying lawsuit against Game Tracker. But "an insurer that breaches its duty to defend . . . is not estopped from asserting noncoverage as a defense in a subsequent action brought by the insured . . . ." Elliott v. Hanover Ins. Co., 711 A.2d 1310, 1313 (Me. 1998). And Maine law accepts "the usual rule that any binding effect from an underlying judgment is only as to facts which were essential to the underlying judgment." Bucci v. Essex Ins. Co., 393 F.3d 285, 295 (1st Cir. 2005). The default judgment against Game Tracker does not establish whether a claim was made within the allotted time period. That was an irrelevant fact to the plaintiffs' claims against Game Tracker. The plaintiffs have no evidence to show that they made a timely claim. Since that is their burden of proof,[3]

---

[3] Elliott does say that an insurer that wrongfully refuses to defend a claim has the burden of proving that there is no coverage when a later indemnity claim is made. That burden shift could matter here, because although Lexington has shown that there was no timely claim made on it, neither side has presented evidence whether a timely claim was made on the insured(s). Either type of claim, timely made, would suffice under the policy. But the plaintiffs have not shown a wrongful refusal to defend. The plaintiffs call on the long established principle that a duty to defend is determined by comparing the allegations of the underlying tort complaint against the policy language and asking whether "allegations in the complaint could give rise to any set of facts that would establish coverage." Anderson v. Virginia Sur. Co., 985 F. Supp. 182, 188 (D. Me. 1998) (quoting Northern Sec. Ins. Co., Inc. v. Dolley, 669 A.2d 1320, 1322 (Me. 1996). That principle works just fine for an occurrence policy because the underlying tort complaint ordinarily will show whether the occurrence took place within the policy coverage dates. It is not sufficient for a claims-made policy, because there is no reason for the underlying tort complaint against the
*(continued on next page)*

4

Lexington is entitled to summary judgment under this policy. Celotex Corp. v. Catrett, 477 U.S. 317 (1986).

### (3) *Gorilla, Inc. #6478066*

The plaintiffs have not responded to Lexington's argument that this policy covers only Gorilla and thus provides no coverage for their judgment against Game Tracker. In any event, they cannot recover because it is a claims-made policy, and the analysis for Game Tracker #6478065 applies here as well.

## CONCLUSION

The Clerk shall enter judgment in favor of the defendant.

**SO ORDERED.**

**DATED THIS 23RD DAY OF FEBRUARY, 2007**

/S/D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**

---

insured to say anything about making a claim. I conclude, therefore, that although the burden shift may occur with respect to scope of coverage, it does not occur on the question whether a proper claim was timely made. I note that even for an occurrence policy, comparing the policy to the underlying tort complaint will not reveal whether premium payments have been made and thus whether coverage and a duty to defend exist; in the indemnity lawsuit, that aspect of coverage still must be proven. See Patrons Oxford Mut. Ins. Co. v. Garcia, 707 A.2d 384, 386 (Me. 1998) (recognizing premium nonpayment, cancellation, failure to cooperate and lack of timely notice as distinct issues that can defeat duty both to defend and to indemnify because "the coverage dispute depends entirely on the relationship between the insurer and the insured, not on facts to be determined in the underlying litigation"). So too, in a claims-made policy, I conclude that the timely claim must be proven by the person seeking coverage in the indemnity case, even if comparing the policy coverage to the underlying tort complaint reveals there could be coverage. There is no reason to shift the burden of proof on whether a claim was timely made. In the absence of any evidence of a timely claim against the insureds here, then, the plaintiffs cannot recover.